BEFORE THE THIRD DIVISION, MAY 29, 1942

**No. 47251.**—Protests 818589–G, etc., of W. R. Zanes & Co. et al. (Galveston, etc.).

Opinion by CLINE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 47252.**—Protests 864768–G, etc., of Myott Tharaud Corp. et al. (New York).

Opinion by KEEFE, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

MAY 27, 1942

**No. 47253.**Protests 53417–K, etc., of Strauss-Eckardt Co., Inc. Plaintiff's application for rehearing granted.

**No. 47254.**Protests 996137–G, etc., of Eitinger Bead Co., Inc. Plaintiff's application for rehearing denied.

MAY 28, 1942

**No. 47255.**Protests 14297–K, etc., of Pacific Trading Co. C. D. 610. Motion of Government for rehearing denied.

**No. 47256.**Protests 899084–G (A), etc., of Joseph B. Greenberg et al. C. D. 626. Plaintiff's application for rehearing denied.

MAY 27, 1942

**No. 47257.**—Suit 4371.
*American Shipping Co. (General Electric X-Ray Corp.)* v. *United States.* Reap. Dec. 5299 affirmed. C. A. D. 198.

JUNE 2, 1942

**No. 47258.**—Suit 4361.*—Corporacion Argentina De Productores De Carnes* v. *United States.* C. D. 464 affirmed. C. A. D. 204.

BEFORE THE FIRST DIVISION, JUNE 3, 1942

**No. 47259.**—Protests 20677–K, etc., of Biddle Purchasing Co. et al. (New York).

Opinion by OLIVER, P. J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 47260.**—Protests 974715–G, etc., of Pacific Customs Brokerage Co. (Portland, Maine).

Opinion by Walker, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co. v. United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed only on the net footage imported. The protests were therefore sustained to that extent.

**No. 47261.**—Protests 12571–K, etc., of Pacific Customs Brokerage Co. (Portland, Maine).

Opinion by Walker, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co. v. United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed only on the net footage imported. The protests were therefore sustained to that extent.

**No. 47262.**—Protests 984251–G, etc., of Danbury & Bethel Fur Co. (New York).

Opinion by Walker, J. It appeared that the merchandise consisted of clippings or cuttings which accumulate in the factories that manufacture garments made of beaver skins. The issue herein turned apparently on the question of the size and quality of the fur pieces involved in the shipments. The plaintiff's witness, associated with the plaintiff company, testified that his duties were "to advise and examine all purchases that came in, all raw furs or dressed furs, that were to be used in the manufacture of hatters' furs"; that he had examined the bags in each of these shipments, and that to the best of his recollection they were all about the same quality; that he could not state with any degree of positiveness that they were exactly alike, but that they were all importations of the same general character. On cross-examination he stated, in connection with small fur pieces such as beaver clippings, that some are used for fur manufacturing by sewing pieces together and making a plate, or in fur repair work, while others are so small or irregular in size that they are bought and used only by hatters. He stated that in this particular instance the pieces were varied in form and shape, some long and very narrow, little squares, and others quite angular, the shapes being too variant for anyone to be able to sew them together, and that there were not enough pieces that could be separated and used for fur purposes to justify the labor necessary to pick them out. He further stated that he did know as a matter of fact that these pieces were not separated and that no salvage of the fur pieces was made in this particular instance as it was all under his supervision. He also stated that his company had various shipments which had been passed upon by this court, viz, Abstracts 41389 and 43913. Defendant's witness, the examiner who passed upon the merchandise herein, testified that he compared the fur pieces in question with a shipment by another importer, and these were of the same quality and character, in his opinion. A sample of the merchandise in the other case was admitted in evidence as defendant's exhibit 1. Concerning this sample (exhibit 1), a manufacturer of fur trimmings testified that from 20 to 40 percent of the pieces contained in the sample were suitable for fur purposes, but he admitted that, taken as a whole, the sample "could also be used totally by hatters," although